IN THE UNITED STATES BANKRUPTCY COURT FOR

FOR THE DISTRICT OF PUERTO RICO

**IN RE:**

**SERVICIOS DE DESCUENTOS
EN COMPRAS, SEDECO INC.
A/k/a THE OUTLET**

    **Debtor**                                        **Case # 00-00832(SEK)
Chapter 11**

_____/

**UNSECURED CREDITORS COMMITTEE'S PARTIAL OBJECTION TO
DEBTOR'S DISCLOSURE STATEMENT FILED AUGUST 6, 2010(DOCKET#
479) AND MEMORANDUM OF LAW**

**TO THE HONORABLE COURT**:

      **COMES NOW**, the Official Unsecured Creditors Committee (' the committee'), by and through its legal counsel, who hereby files the instant *Memorandum of law in support of its objection to* **Debtor's Second Amended Disclosure Statement**, and respectfully states and prays as follows:

<u>**INTRODUCTION**</u>

      As more fully set forth, *infra*, the Committee will demonstrate various grounds upon which the Debtor's Second Amended Disclosure Statement should not be approved.

1

The Disclosure submitted by Debtor does not provided sufficient information for the creditors to make an informed decision concerning the suitability of the proposed plan. In this regard, Section 1125 of the Bankruptcy Code provides that the disclosure statement must be approved by the Court prior to solicitation of votes in favor of the plan, and must contain "Adequate Information" which is defined as:

> *Information of a kind and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtor and the condition of the Debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of the relevant class to make an informed judgment about the plan . . .[1]*

As is contemplated by the Bankruptcy Code, a creditor is to rely on the disclosure statement to make an informed and rational economic decision as to whether or not to oppose or accept a Chapter 11 plan.[2]

Whether a disclosure statement provides adequate disclosure is 'left essentially to the judicial discretion of the court' and . . . 'the information required will necessarily be governed by the circumstances of the case.' Mabey v. S.W. Elec. Power Co. (In re Cajun Elec. Power Co.), 150 F.3d 503, 518 (5th Cir. 1998) (quoting S. REP. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907).Courts determine adequacy on a case-by-case basis, with the following as a "yardstick against which the adequacy of

---

[1] 11 U.S.C.A. § 1125 (a)(1)(2003)

[2] See In re Microwave Products of America Inc. 100 BR 376, 377( Bankr D Tenn. 1989) Oneida Motor Freight v. United States Jersey Bank 848 F 2d 414( 3rd Cir 1988)( 'We cannot over emphasize the Debtor's obligation to provide sufficient data to satisfy the Code Standard of Adequate Information')

2

disclosure may be measured": (1) the circumstances that gave rise to the filing of the bankruptcy petition; (2) a complete description of the available assets and their value; (3) the anticipated future of the debtor; (4) the source of the information provided in the disclosure statement; (5) a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement; (6) the condition and performance of the debtor while in Chapter 11; (7) information regarding claims against the estate; (8) a liquidation analysis setting forth the estimated return that creditors would receive under Chapter 7; (9) the accounting and valuation methods used to produce the financial information in the disclosure statement; (10) information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor; (11) a summary of the plan of reorganization; (12) an estimate of all administrative expenses, including attorneys= fees and accountants' fees; (13) the collectability of any accounts receivable; (14) any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan; (15) information relevant to the risks being taken by the creditors and interest holders; (16) the actual or projected value that can be obtained from avoidable transfers; (17) the existence, likelihood and possible success of non-bankruptcy litigation; (18) the tax consequences of the plan; and (19) the relationship of the debtor with affiliates. *In re Cardinal Congregate* I, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990) (quoting *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71

(Bankr. S.D. Ohio 1988) (citations omitted)). "Generally, a disclosure statement must contain all pertinent information bearing on the success or failure of the proposals in the plan of reorganization," Cardinal Congregate I, 121 B.R. at 765, and "***must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.***" In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). (emphasis added)

In the instant bankruptcy proceedings, and as more fully set forth, infra, the Debtor has failed to provide "information of a kind and in sufficient detail" in its Disclosure Statement so as to allow the creditors, including those represented by the Committee , to make an "informed and rational" decision concerning the plan. As such, the Disclosure Statement filed by Debtor should be rejected.

## II.    PROCEDURAL BACKGROUND

2-1. The present case was filed on February 6, 2009.

2-2. On March 5, 2009 the U.S. Trustee filed before this court a notice for the appointment of the undersigned Committee of Unsecured Creditors. (Docket No. 32)

2-3. The court appointed the undersigned counsel as counsel for the Unsecured Creditors Committee.

2-4. This Court entered an order to show as to why the present case should be dismissed on account of debtor's failure to file a Disclosure Statement and Plan.

2-4 On September 14, 2009, the debtor in possession filed a motion requesting an extension of time up to October 20, 2009 to file the plan and disclosure statement. (docket#172)

2-5 Said motion was granted by this Honorable Court per side order dated September 27, 2009.

4

2-6 On September 24, 2009, notice was sent as to the scheduling of a hearing to consider the Disclosure Statement and other issues for November 12, 2009.

2-7 On October 26, 2009, Debtor in Possession filed its Disclosure Statement and Plan of Reorganization.

2-8. On October 30, 2009 the Committee filed a request for allowance of time up to November 9, to file its objection to the adequacy of the information in Debtor's aforementioned disclosure statement.

2-9 On March 12, 2010, debtor filed its amended Disclosure Statement and Plan of Reorganization. (Docket # 315 )

2-10 On March 23, 2010, the Committee filed its position as to the Amended Disclosure Statement.(Docket # 321)

2-11. On August 6, 2010, Debtor filed its Second Amended Disclosure Statement( Docket #479)

2-11. On hearing held on August 10, 2010, the court granted the Committee up to August 13, 2010, to state its position concerning the Second Amended Disclosure Statement.

2-12. The Committee convened an expedited meeting to discuss the Second Amended Disclosure Statement and hereby states its partial objection to Debtor's Second Amended Disclosure Statement.

III. **THE DISCLOSURE STATEMENT FAILS TO PROVIDE ADEQUATE AND RELIABLE FUNDING FOR THE PLAN.**

**3-1** The Second Amended Disclosure Statement is predicted on the sale of the inventory, and certain real estate property, to be transferred to the Estate listed as follows:

N&H, SE's realty at Bajuras Ward, Vega Alta, Puerto Rico, recorded at page 67 of book 53 of Vega Alta, property number 3,185 consisting of 4,607.9793 square meters with a fair market value of $325,000.00, property number 9,095 at San Germán, Puerto

Rico, consisting of 2,884.6302 square meters with a $400,000.00 fair market value and a parcel of land located at State Road #3, KM 10, Hoyo Mulas Ward, Carolina, Puerto Rico, consisting of 8,718.7321 square meters zoned II-1, light industrial, with an estimated value of $1,750,000.00, for a combined value of $2,475,000.00, to be transferred as full payment of N&H, SE's remaining debt to Debtor, with the deeds of transfer of the realty to be executed before Debtor's counsel as a notary public. The estimated value of the assets to be liquidated by the Liquidating Trustee is $5,223,071. (See Exhibit B).

3-2 Although requested by Committee counsel several times, the information as to the existences of encumbrances over said properties, and an appraisal that could demonstrate that the transfer of the value to the Estate of said property is equivalent to the account receivable supposed to be paid in by such transfer, the information has not been provided, although always promised.

3-3. The most recent Disclosure has changed one of the properties originally proposed, for two smaller lots. The concern as to the existence of the encumbrances is still an issue as to the adequacy of the information. 3

3-4. The information as the encumbrances over said properties is of utmost importance. Little benefit would be served, if once the properties are actually transferred to the trust, it is realized that the proceeds of a future sale will only be available to the cover the liens, taxes owed and encumbrances.

3-5. Debtor's duty to provide information that will enable the creditors to make an informed decision on the Plan of Reorganization, requires that the Debtor discloses

---

3 At the meeting of the committee, counsel called debtor's counsel requesting the information as to the liens and encumbrances; yet such information was not available.

6

information and or documentation that provides that the properties are actually free and clear of any encumbrances, and that if there are any encumbrances , over the property such as liens on past property taxes, that such taxes be paid by the transferor( N& H SE).

3.6 Only when such information is properly disclosed, can the creditors be clearly ***and succinctly informed as to what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution."*** In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991

### RESERVATION OF FURTHER OBJECTIONS

The Committee reserves the right to raise any other objection to the Disclosure Statement, besides those herein presented, and/or to supplement its objections at the hearing on the same or otherwise. Nothing contained herein shall be constructed as a waiver of any such additional objections.

### CONCLUSION

For the forgoing reasons, it is readily apparent that the Disclosure Statement filed by Debtor is legally deficient and insufficient, and does not provide "adequate information" as required by 11 U.S.C.A. 1125.  In order for the Debtor to have a confirmable plan for reorganization, it must address and correct the above stated deficiencies.

**WHEREFORE,** The Committee respectfully requests that this Court take note of this objection, and deny the approval of the Debtor's Disclosure Statement on the grounds

that it does not contain "adequate information" and/or the plan is un confirmable on its face, and order the Debtor to correct and/or modify the Amended Disclosure Statement by providing such additional information as may be required to address the issues raised herein in advance of the date scheduled for the hearing on the Disclosure Statement, and awarding The Committee such other and further relief that this Court deems necessary, just and proper.

**RESPECTFULLY SUBMITTED**

In San Juan, PR this 13th day of August 2010

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Bankruptcy Court using CM/ECF system which will send notification to the following, counsel for Debtor, and US trustee's office .and any other party which has requested notice.

                                                  S/ Isabel M. Fullana
                                                  USDC #126802
                                                  Garcia- Arregui & Fullana
                                                  252 Ponce de Leon Ave.
                                                  Citibank Towers
                                                  Suite 1101
                                                  Hato Rey, PR 00918
                                                  Tel 787-766-2530
                                                  Fax 787-756-7800
                                                  E-mail isabelfullana@gmail.com

9

10

11