# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE:

SERVICIOS DE DESCUENTO EN COMPRA, INC.
a/k/a SEDECO

    Debtor

CASE NO. 09-00832(ESL)

CHAPTER 11

## REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS OF WPR SABANA LP, S.E. AND WPR VICTORIA LP, S.E.

WPR Sabana LP, S.E. ("WPRS") and WPR Victoria LP, S.E. ("WPRV" and together with WPRS, "WPR"), by and through their undersigned attorneys, hereby submit their request (this "Request") for allowance and payment of administrative expense claims (collectively, the "Administrative Claims"), pursuant to sections 365(d)(3), 503(b) and 507(a)(2) of chapter 11 of title 11 of the United States Code, et seq. (the "Bankruptcy Code"), and respectfully represent as follows:

### PRELIMINARY STATEMENT

WPR, as landlord, and Servicios De Descuento En Compra, Inc. ("Debtor"), as tenant, are parties to two non-residential real property leases that were assumed, and later rejected, by Debtor in this chapter 11 case. In connection with Debtor's assumption of the Warehouse Lease (defined below) in May 2009, the Court allowed WPRS an administrative expense claim in the amount of $183,450.00 and directed Debtor to pay $124,810.00 to WPRS within 180 days of its Order, only half of which was actually paid by Debtor.

Nearly a year after WPR's leases were assumed, Debtor determined that it could not successfully reorganize its business and entered into lease rejection agreements with WPR. Pursuant to the lease rejection agreements, and in

Case:09-00832-ESL11 Doc#:542 Filed:10/07/10 Entered:10/07/10 16:16:01 Desc: Main
Document Page 2 of 10

**Servicios De Descuento En Compra, Inc. (ESL)** Case No. 09-0832
*Request for Allowance and Payment of Administrative Expense*
*Claims of WPR Sabana LP, S.E. and WPR Victoria LP, S.E.* Page -2-

consideration of WPR's agreement to waive what would otherwise have been massive administrative expense claims against Debtor pursuant to section 503(b)(7) of the Bankruptcy Code,[1] Debtor affirmed its obligation to make timely payments under the leases through the effective dates of rejection agreed upon by the parties.[2] Debtor ultimately failed to pay most of these charges. Specifically, Debtor failed to pay $234,241.50 to WPRS and $15,970.29 to WPRV on account of its pre-rejection obligations under the respective leases.

Although Debtor and WPR consensually reconciled the Administrative Claims in early September 2010,[3] the parties were not able to memorialize their agreement by formal stipulation prior to confirmation of Debtor's chapter 11 plan and the appointment of the Liquidating Trustee. Accordingly, WPR files this Request to obtain an Order of this Court allowing the Administrative Claims in the amounts requested herein. By this Request, WPR seeks (i) an administrative claim allowance

---

[1] With respect to nonresidential leases that are assumed and subsequently rejected in the same chapter 11 case, section 503(b)(7) of the Bankruptcy Code grants the landlord an administrative expense claim equal to "all monetary obligations due, excluding those arising from or relating to a failure to operate or a penalty provision, for a period of 2 years following the later of the rejection date or the date of actual turnover of the premises . . ." 11 U.S.C. § 503(b)(7).

[2] As memorialized in the Rejection Motion, the effective date of rejection of the Store Lease (defined below) is March 5, 2010. The effective date of rejection of the Warehouse Lease is October 31, 2010.

[3] Debtor's chapter 11 plan and disclosure statement make reference to these claims

Servicios De Descuento En Compra, Inc. (ESL)                                Case No. 09-0832
*Request for Allowance and Payment of Administrative Expense*
*Claims of WPR Sabana LP, S.E. and WPR Victoria LP, S.E.*                   Page -3-

---

in the amount of **$480,096.50**[4] for Debtor's unsatisfied postpetition obligations under the Warehouse Lease (the "<u>WPRS Administrative Claim</u>") and (ii) an administrative claim allowance in the amount of **$15,970.29** for Debtor's unsatisfied postpetition obligations under the Store Lease (the "<u>WPRV Administrative Claim</u>" and together with the WPRS Administrative Claim, the "<u>Administrative Claims</u>").

## BACKGROUND

1. On February 6, 2009 (the "<u>Petition Date</u>"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, prior to the appointment of the Liquidating Trustee on September 21, 2010, was managing its affairs and assets pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, Debtor, as tenant, and WPRS, as landlord, were parties to a lease contract as to a building located at Lot 13-17B, Sabana Gardens Industrial Park, Carolina, Puerto Rico, consisting of 121,462 square feet (as amended and modified pursuant to the Assumption Order (defined below), the "<u>Warehouse Lease</u>").

3. Prior to the Petition Date, Debtor, as tenant, and WPRV, as landlord, were parties to a lease contract as to a building located at Building #2 in Victoria Industrial Park, Carolina, Puerto Rico, consisting of 20,240 square feet (the "<u>Store Lease</u>" and together with the Warehouse Lease, the "<u>Leases</u>").

---

[4] As more fully set forth below, this amount is comprised of: (i) the administrative claim in the amount of $183,450.00 previously allowed by the Court pursuant to the Assumption Order (defined below), (ii) the unpaid lease cure installment of $62,405.00 that Debtor was previously directed to pay under the Assumption Order, and (iii) $234,241.50 for lease charges accrued and unpaid through the October 31, 2010 lease rejection date.

1667481 v1/NY

Case:09-00832-ESL11 Doc#:542 Filed:10/07/10 Entered:10/07/10 16:16:01 Desc: Main
Document  Page 4 of 10

**Servicios De Descuento En Compra, Inc. (ESL)**  Case No. 09-0832
*Request for Allowance and Payment of Administrative Expense*
*Claims of WPR Sabana LP, S.E. and WPR Victoria LP, S.E.*  Page -4-

4. Following substantial negotiations between the parties, on May 7, 2009, Debtor filed that *Application For Leave to Assume Lease Agreements With WPR Sabana LP, S.E. and WPR Victoria LP, S.E*. (Doc. No. 64) (the "Assumption Motion"), pursuant to which Debtor sought authorization to assume the Leases on the agreed upon terms and conditions set forth therein.

5. On May 8, 2009, the Court entered an Order granting the Assumption Motion on the condition that no objection be filed during the twenty days following service of the Assumption Motion (Doc. No. 65) (the "Assumption Order"). The Assumption Motion was served on May 10, 2009 (Doc. No. 66). No objection to the Assumption Motion was filed and the Assumption Order took effect on May 30, 2009.

6. Pursuant to the Assumption Motion and Order, and as consideration for Debtor's assumption of the amended Warehouse Lease, Debtor was authorized and directed to pay $124,810.00 to WPRS, with $62,405.00 to be paid immediately upon entry of the Assumption Order and $62,405.00 to be paid on the date that was 180 days following entry of the Assumption Order. Debtor paid WPRS on account of the first $62,405.00 installment, but has not paid WPRS on account of the second $62,405.00 installment (the "Unpaid Cure Installment").

7. Pursuant to the Assumption Motion and Order, and as further consideration for Debtor's assumption of the amended Warehouse Lease, WPRS was granted an allowed administrative expense claim against Debtor, pursuant to sections 365, 501 and 507 of the Bankruptcy Code, in the amount of $183,450.00 (the "Cure Claim").

Case:09-00832-ESL11 Doc#:542 Filed:10/07/10 Entered:10/07/10 16:16:01 Desc: Main
Document Page 5 of 10

**Servicios De Descuento En Compra, Inc. (ESL)**  Case No. 09-0832

*Request for Allowance and Payment of Administrative Expense*
*Claims of WPR Sabana LP, S.E. and WPR Victoria LP, S.E.*  Page -5-

8. On March 12, 2010, Debtor filed that *Motion For Leave to Reject Previously Assumed Non-Residential Lease Contracts* (Doc. No. 314) (the "Rejection Motion"), pursuant to which Debtor sought, *inter alia*, authorization to reject the Leases on the terms and conditions set forth in the respective Letter Agreements dated March 5, 2010 between Debtor and WPR (annexed to the Rejection Motion as Exhibit A). On June 10, 2010, the Court entered an Order granting the Rejection Motion in all respects (Doc. No. 413) (the "Rejection Order").

9. Pursuant to the Letter Agreement governing Debtor's rejection of the Warehouse Lease, Debtor's rejection is effective as of October 31, 2010. For the postpetition, pre-rejection period of March 2010 through October 31, 2010, Debtor has accrued, but not paid, total charges of $234,241.50 under the Warehouse Lease (the "Unpaid Postpetition Warehouse Lease Charges"), which amount is comprised of (i) $160,000.00 for unpaid monthly rent charges ($20,000 per month for eight months) and (ii) $74,241.50 for unpaid taxes and insurance.[5]

10. Pursuant to the Letter Agreement governing Debtor's rejection of the Store Lease, Debtor's rejection of the Store Lease was effective as of March 5, 2010. For the postpetition, pre-rejection period concluding March 5, 2010, Debtor has accrued, but not paid, total charges of $15,970.29 for rent, insurance, taxes and CAM charges under the Store Lease (the "Unpaid Postpetition Store Lease Charges" and together with the Unpaid Postpetition Warehouse Lease Charges, the "Postpetition Lease Charges").

---

[5] WPRS reserves the right to amend or supplement this Request to seek additional allowance and payment to the extent the Liquidating Trustee does not vacate the Warehouse Lease on or before October 31, 2010.

Case:09-00832-ESL11 Doc#:542 Filed:10/07/10 Entered:10/07/10 16:16:01 Desc: Main
Document    Page 6 of 10

**Servicios De Descuento En Compra, Inc. (ESL)**     Case No. 09-0832

*Request for Allowance and Payment of Administrative Expense Claims of WPR Sabana LP, S.E. and WPR Victoria LP, S.E.*     Page -6-

11. Debtor and WPR successfully reconciled the amount of the Postpetition Lease Charges due WPR in early September 2010, but the parties were not able to memorialize their agreement by formal stipulation prior to confirmation of Debtor's chapter 11 plan on September 21, 2010 (the "Chapter 11 Plan") and the appointment of the Liquidating Trustee. A copy of the correspondence evidencing the parties' agreement concerning the Postpetition Lease Charges and the resulting amounts of the Administrative Claims is annexed hereto as **Exhibit A.**

## RELIEF REQUESTED

12. By this Request, WPR seeks entry of an Order (i) allowing the WPRS Administrative Claim in the amount of $480,096.50, (ii) allowing the WPRV Administrative Claim in the amount of $15,970.29 and (iii) directing the Liquidating Trustee to pay such Administrative Claims in accordance with the terms of the Chapter 11 Plan.

13. WPR is entitled to allowance of the Administrative Claims pursuant to section 365(d)(3) of the Bankruptcy Code, or alternatively section 503(b) of the Bankruptcy Code, with priority in payment over the claims of general unsecured creditors under section 507(a)(2) of the Bankruptcy Code and the terms of the Chapter 11 Plan. The Administrative Claims exclusively concern the unsatisfied postpetition obligations of the Debtor under the Assumption Order and the Rejection Order. No portion of the Administrative Claims concerns prepetition or post-rejection obligations of the Debtor.

14. Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, "[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real

Case:09-00832-ESL11   Doc#:542   Filed:10/07/10   Entered:10/07/10 16:16:01   Desc: Main
Document   Page 7 of 10

| Servicios De Descuento En Compra, Inc. (ESL) | Case No. 09-0832 |
|---|---|
| *Request for Allowance and Payment of Administrative Expense Claims of WPR Sabana LP, S.E. and WPR Victoria LP, S.E.* | Page -7- |

property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3). This section was added to the Bankruptcy Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, 98 Stat. 333 (1984), "to ameliorate the immediate financial burden borne by lessors of nonresidential property during the period in which trustees decide [] whether to assume a lease." In re Pacific-Atlantic Trading Co., 27 F.3d 401, 403 (9th Cir. 1994).

15. Courts agree that section 365(d)(3) *obligates* the debtor to make timely payments due under a non-residential real property lease prior to rejection. See In re Rare Coin Galleries of America, Inc., 72 B.R. 415 (D. Mass. 1987) (ordering immediate payment of section 365(d)(3) claim despite administrative insolvency); In re Pyxsys Corp., 288 B.R. 309, 313 (Bankr. D. Mass. 2003) ("there is little dispute that the clause 'notwithstanding section 503(b)(1) of this title' eliminates the requirement for an order expressly authorizing payment of an administrative rent claim [under section 365(d)(3)].").[6]

16. By providing for timely performance of *all* lease obligations arising prior to rejection "notwithstanding section 503(b)(1)," section 365(d)(3) of the Bankruptcy Code "has already granted priority payment status to the full amount of rent due under nonresidential leases. The fact that a trustee does not comply with this directive before

---

[6] See also In re J.T. Rapps, Inc., 225 B.R. 257, 260 (Bankr. D. Mass. 1998) ("In interpreting the effect of the amended § 365(d)(3), courts have uniformly held that it requires the estate representative to pay the rent as it becomes due."); In re McCabe, 212 B.R. 21 (Bankr. D. Mass. 1996) (holding that administrative insolvency of the estate had no bearing on the immediate grant of a section 365(d)(3) claim); In re Brennick, 178 B.R. 305 (Bankr. D. Mass. 1995) (requiring payment of section 365(d)(3) claim regardless of estate solvency to further Congressional intent to aid commercial lessors).

Case:09-00832-ESL11   Doc#:542   Filed:10/07/10   Entered:10/07/10 16:16:01   Desc: Main
Document   Page 8 of 10

Servicios De Descuento En Compra, Inc. (ESL)　　　　　　　　　　　　　　　　Case No. 09-0832
*Request for Allowance and Payment of Administrative Expense
Claims of WPR Sabana LP, S.E. and WPR Victoria LP, S.E.*　　　　　　　　　　Page -8-

the lease is rejected cannot justify denying a lessor the priority treatment for the full amount which Congress has already bestowed upon it." In re Pacific-Atlantic Trading Co., 27 F.3d at 404.[7] Accordingly, WPR is entitled to an administrative claim, pursuant to section 365(d)(3) of the Bankruptcy Code, for the Postpetition Lease Charges – none of which were paid by Debtor and all of which came due prior to the rejection of the Leases.

17.　　Even if WPR was required to substantiate the "value to the estate" of Debtor's use and occupancy of the Leases under section 503(b) of the Bankruptcy Code, courts presume that the value of a lessor's administrative claim is governed by the terms of the lease, provided that such terms are reasonable. See In re Pyxsys, 288 B.R. at 318 ("the terms of the lease should be used to value the benefit conferred by the use of the premises in the absence of evidence that said terms were unreasonable").[8]　　Absent an evidentiary showing that the terms of the Lease are

---

[7]　　See also In re Microvideo Learning Systems, Inc., 232 B.R. 602, 604 (Bankr. S.D.N.Y. 1999) ("§ 365(d)(3) allows landlords to make a claim for post petition rent without meeting the requirements of § 503(b)(1). Thus, unlike other administrative expense claims, these claims are allowed in the full amount of rent and other charges due under the lease without a showing by the landlord that the amounts owed are reasonable or of a benefit to the estate.") (citations omitted); In re Wingspread Corp., 116 B.R. 915, 925-26 (Bankr. S.D.N.Y. 1990) ("I read 'notwithstanding section 503(b)(1)' as meaning that irrespective of whether the payments required under the lease meet the usual requirements for administrative status, reasonableness and benefit to the estate, they are unconditionally due. . . .").

[8]　　See also In re Rare Coin Galleries of America, Inc., 72 B.R. at 417 (explaining that courts apply "a presumption that the reasonable value for use of the premises is the rent under the lease unless an opposing party produces evidence that the lease rate is unreasonable."). See also In re Energy Resources Co., Inc., 47 B.R. 337, 339 (Bankr. D. Mass. 1985) ("The rent under the lease is the appropriate use and occupancy rate unless the debtor produces evidence that it is unreasonable."); L. KING, COLLIER ON BANKRUPTCY ¶ 503.06 (15th Ed. Rev.) ("In determining reasonable rental value, the amount set forth in the contract or lease will constitute a rebuttable presumption that such amount is the correct

**Servicios De Descuento En Compra, Inc. (ESL)**  Case No. 09-0832
*Request for Allowance and Payment of Administrative Expense*
*Claims of WPR Sabana LP, S.E. and WPR Victoria LP, S.E.*  Page -9-

---

unreasonable, the Court should value WPR's administrative claim for the Postpetition Lease Charges in accordance with the terms of the Leases.

WHEREFORE, for the reasons set forth herein, WPR respectfully requests entry of an Order:

    i.    allowing the WPRS Administrative Claim in the amount of $480,096.50, as comprised of:

        a) the $183,450.00 Cure Claim,

        b) the $62,405.00 Unpaid Cure Installment, and

        c) the $234,241.50 Unpaid Postpetition Warehouse Lease Charges;

    ii.    allowing the WPRV Administrative Claim in the amount of $15,970.29 for the Unpaid Postpetition Store Lease Charges; and

    iii.    directing the Liquidating Trustee to pay such Administrative Claims in accordance with the terms of the Chapter 11 Plan.

[signatures on following page]

Dated: October 7th, 2010

---

measure of reasonable rental value.").

1667481 v1/NY

Case:09-00832-ESL11 Doc#:542 Filed:10/07/10 Entered:10/07/10 16:16:01 Desc: Main
Document Page 10 of 10

**Servicios De Descuento En Compra, Inc. (ESL)**     Case No. 09-0832
*Request for Allowance and Payment of Administrative Expense Claims of WPR Sabana LP, S.E. and WPR Victoria LP, S.E.*     Page -10-

By:

\S\ RAFAEL A. OJEDA DIEZ
USDC Id. No. 210105
OJEDA & SANTOS LAW OFFICES P.S.C.
PO Box 9023392
San Juan, PR 00902-3392
Tels.(787) 728-4120 -728-4102
Fax (787) 727-3177
E-mail: rafaelojeda@ojedalawpr.com.com

- and -

COOLEY LLP
1114 Avenue of the Americas
New York, New York 01136
(212) 479-6000
Seth Van Aalten

*Counsel for WPR Sabana LP, S.E. and WPR Victoria LP, S.E.*