UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

OLD SAN JUAN

------------------------------------------------------------ X

In re:                                                    Chapter 11

SERVICIOS DE DESCUENTO EN COMPRA,                         No. 09-00832 (ESL)
INC. a/k/a SECECO,

    Debtor.

------------------------------------------------------------ X

**MOTION TO INFORM POSITION OF WPR SABANA LP, S.E. REGARDING OPPOSITION TO ORDER GRANTING RELIEF TO WPR SABANA FILED BY G.E. APPLIANCE CARIBBEAN**

TO THE HONORABLE ENRIQUE S. LAMOUTTE,

UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, WPR Sabana LP, S.E. ("WPR"), by and through its undersigned counsel, and files this motion to inform the Court as follows:

1. On April 4, 2011, WPR filed the motion at docket 578 praying for the relief of surrender of WPR's Premises currently being held by the Debtor and/or the estate in a holdover capacity since October 31, 2010 without payment or compensation to WPR. WPR also requested this Court to order the abandonment to WPR of the Debtor's and/or the Estate's inventory and other movable property stored in and around WPR's Premises. (See docket 578 motion) (the "Motion to surrender and abandon") No objection or opposition was filed; no hearing was requested by any concerned party.

2. On April 25, 2011, twenty-one (21) days after filing the Motion to surrender and abandon and well after expiration of the reply and objection period provided pursuant to local rules of practice, WPR filed another motion aptly described in the docket as "*Motion*

1

*requesting entry of order granting relief of surrender of premises and to abandon property of the estate requested in motion at docket 578.*" (See Dkt. 583) (the "Motion for order") No opposition was filed.

3. On April 26, 2011, this Honorable Court entered and "Order Granting Motion As Unopposed", specifically referencing WPR's motions at docket 578 and 583. (See Dkt. 585) (the "Order") '

4. On April 27, 2011, General Electric Appliances Caribbean, Company ("GE") belatedly filed a motion or paper "opposing" WPR's motion to surrender and abandon, specifically on the grounds of abandonment of estate property to WPR, and to oppose the IRS' motion to dismiss the case. (Dkt. 586) ("GE's opposition") As concerns the rights granted to WPR by the Order, GE's motion was filed late and therefore should be treated as an ill-disguised attack on the Court's Order "granting [WPR's surrender and abandonment] motion" under Rule 60 of the Fed.R.Civ.P. and, if considered by the Court, the opposition should be treated as motion for relief from judgment.

5. WPR notes that the Court prefaced the relief granted in the Order as follows: "This case is before the Court on the following: Motion for Entry of Order requiring the Trustee and/or Debtor's immediate surrender of premises pursuant to Section 365 of the Bankruptcy Code, *and* to abandon property of the estate pursuant to section 554(b) of the Bankruptcy Court; filed by WPR Sabana LP SE, docket #578. <u>Due notice having been given, there being no opposition, and good cause appearing thereof, **the motion is hereby granted**</u>." (underlining and emphasis supplied) The Order adds a specific command to the party responsible for physically surrendering the WPR's Premises to do so, as required by section 365(d).

2

6. WPR emphasizes the fact that the Motion to surrender and abandon provided notice to all parties in interest in accordance with local rules and practice. Not a single timely response was filed. Nothing was said by the Debtor or the Liquidation Trustee.

7. WPR's Motion for order makes clear that since confirmation of the Plan, the record is completely empty of evidence of any interest in the prosecution of the case by the Debtor or the Liquidation Trustee. GE does not contradict the record evidence.

8. Instead, GE attempts to reverse the Order by gratuitously attacking the Liquidation Trustee, calling for his removal on the shallow basis that there is a confirmed plan and the interests of unsecured creditors, like GE, might be better protected in this way. No evidence was provided to show why GE considers the current Trustee's efforts to be inadequate or insufficient. Nor does GE offer WPR any adequate assurance that it will pay (or how to pay) WPR's monumental administrative claim and the accruing costs and expense to WPR of providing storage to estate property without payment or compensation for over two years, in defiance of bankruptcy law and to orders and agreements issued and approved by this Court. (See Dkt. 578)

9. GE fails to consider the possibility that the Liquidation Trustee inherited an insolvent Estate, and fails to offer remedies such as GE picking up the tab for the Trustee's expenses so that he may attempt more aggressive administration of the assets. GE fails to address statements and facts introduced in WPR's motion to surrender and abandon such as that the real property transferred to the Estate is apparently fully encumbered and, at any rate, is probably not worth half its value attributed in Plan papers and disclosures. Nor does GE attempt to explain its own negligence and omissions as a leading participant in the Creditor's Committee in failing to perceive, supervise, denounce or otherwise

3

remedy the undisputable lack of feasibility of the Confirmed Plan and liquidation.

10. GE's opposition fails to comply with Fed.R.Civ.P. Rule 60(b) as it fails to supply a single reason for its failure to oppose WPR's motions in a timely manner. GE disingenuously attempts to parse through the Order and diminish the full and unequivocal nature of the relief granted by focusing on the Court's affirmative order to the responsible party to comply with section 365(d) of the Code and promptly surrender the rejected Premises to WPR. Such portion of the Order is necessary as neither the Court nor WPR is clear as to: 1) which party, the Liquidation Trustee or the Debtor, is illegally possessing the Premises and, 2) which one of them is responsible for surrendering the Premises to WPR.

11. Otherwise, once proper notice and opportunity to be heard was given on WPR's motion to abandon estate property to itself, this Court is not required to enter an order specifically ordering abandonment or spelling out such relief. Whether by word, act or omission, once it is clear that the Trustee will not administer an asset and upon proper notice or motion to abandon, abandonment is deemed to occur by operation of law without the need for further order, Court involvement or directive to any party upon granting WPR's motions. *See, e.g., Matter of Universal Hotel, Inc.*, 126 B.R. 6, 7, n.7 (Bankr. D.P.R. 1991) ("No court order is necessary or appropriate to authorize the proposed abandonment or disposition of property if appropriate notice is given and an opportunity for a hearing is allowed[.]") (citations omitted). In *Universal Hospital*, this Court denied a motion for a specific order to abandon estate property after noting that such administrative order is unnecessary once the subject of abandonment had been properly noticed and was <u>unopposed</u> by any party.

12. The finality of the Court's Order and the entirety of the remedy granted to WPR should

4

not be altered to accommodate GE's belated attempt to endlessly keep this case on life support at WPR's sole expense. Equity demands a remedy to WPR and the Order granted the remedy of abandonment. The Court should give all due weight to the fact that the most concerned parties, that is, the Liquidation Trustee and the Debtor, failed to act or respond to WPR's motion to surrender and abandon because "a failure by the trustee to respond should be presumed as a statement of the trustee's intent to abandon the property and the failure of creditors to respond should be presumed to be a statement that they do not object to [the abandonment of] the property in question." *In re Wideman*, 84 B.R. 97, 101 (Bankr. W.D. Tex 1988).

13. The Court has scheduled a hearing on GE's opposition on abandonment to WPR. (Dkt. 590) In fact, a hearing on the issue of abandonment is not even required under the modern version of Bankruptcy Rule 6007. Even under the old Rule 6007(c) which did have a hearing requirement, bankruptcy courts generally held that no hearing is required on a motion to abandon property of the estate once notice and opportunity to be heard is given. Bankruptcy Code section 102(1) makes abundantly clear congressional policy to keep bankruptcy judges as far away as possible from the intricacies of estate administration. Section 102(1) states that failing any timely response or opposition to abandonment, the remedy of abandonment is granted without further notice or hearing. "Thus, if the notice requirement is met, abandonment can occur without judicial involvement[.]" See, *Matter of Kellebrew*, 888 F.2d 1516, 1522, n. 16 (5th Cir. 1988) (citing congressional record and cases).

14. Finally, GE's opposition is replete with numbers and figures that according to GE, represent the value to the estate of the property abandoned to WPR and that may be

5

realized to satisfy the expectations of unsecured creditors. Interestingly enough, GE does not disclose to this Court what it thought the property in WPR's Premises is worth. As can be implied from GE's opposition, GE visited the WPR Premises and reviewed the estate property therein. Apparently GE didn't think much if anything about the value of said property because, eight months after confirmation, the property is still there; unguarded, unsupervised and not being administered by the Estate.

15. WPR prays to this Court to deny GE's opposition and to re-affirm the Order "granting the motion" requesting surrender of the Premises and abandonment of estate property to WPR.

WHEREFORE, for all the foregoing reasons WPR prays that GE's opposition be denied and the Court's Order granting WPR's surrender and abandonment motions be affirmed.

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all CM/ECF participants, including the U.S Trustee, counsel of record for the Debtor, Charles A. Cuprill, Esq. and/or Fernando E Longo, Esq., the Liquidation Trustee, Wigberto Lugo Mender, Esq., counsel for the Unsecured Creditor's Committee, and all other interested parties with an email on file with the Clerk of Court.

Respectfully submitted, in Arecibo, Puerto Rico, this 4th day of May, 2011.

By: /s Edwin Matos Maldonado, Esq.

*BUFETE ZENO GLORO*
FELIX M ZENO GLORO
USDC 124212
EDWIN MATOS MALDONADO
USDC 226403
LIAVANESSA FONTANEZ RUIZ
USDC 213707

PO BOX 1945; ARECIBO PR 00613
TEL 879-1760 ; FAX 880-2756

tribunal@zenogloro.com

- and -

COOLEY LLP
1114 Avenue of the Americas
New York, New York 01136
(212) 479-6000
Seth Van Aalten, Esq.
svanaalten@cooley.com

- and -

Gustavo A. Ordóñez, Esq.
222-03 Kingsbury Avenue
Hollis Hills, New York 11364
gordonez1234@me.com

*Counsel for WPR Sabana LP, S.E.*