## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE: * BK 09-00832(BKT)
 *
 Chapter 11
IN THE MATTER OF *
SERVICIO DE DESCUENTOS EN COMPRA *
SEDECO INC. *
Wigberto Lugo Mender, Plan Administrador *
 *
 *

### REPLY TO ORDER TO SHOW CAUSE

**TO THE HONORABLE COURT**;

**COME NOW** The Plan Administrator, Wigberto Lugo Mender represented by its undersigned counsel and very respectfully state and pray;

1. On August 16, 2011 this Honorable Court granted the reconsideration of the order dismissing the present case subject to Debtor filing the monthly reports required after confirmation.

2. Debtor complied by filing on September 6, 2011 and then on November 28, 2011 filed all the pending monthly reports as of that date.

3. On March 13, 2012 an order to show cause was filed by an administrative claimant PJAY Investment Corp as to why its Administrative claimed had not been paid. (Docket #650)

4. On March 15, 2012, this Honorable Court entered an order granting the debtor and or the plan administrator twenty one days to reply to the creditor's request. (Docket # 651)

5. The Plan Administrator hereby addresses the request for an order to show as to why payment of Administrative Claim has not been paid.

6. The Plan's proposed treatment to Administrative Claim stated the following:

> *Holders of Allowed Administrative:*
> *Expense Claims against Debtor $981, 590.32    Unimpaired.*
> *Estimated Recovery: 100%*
>
> *Except as otherwise may be agreed upon with Holders of Allowed Administrative Expense Claims, each such claimant shall receive in full satisfaction of its claim an amount in Cash equal to the Allowed amount thereof on the Effective Date from the proceeds of the sale of the following assets to be transferred to a Liquidation Trust (the "Trust") to be created on the Effective Date with Wigberto Lugo Mender, Esq., as the Liquidating Trustee (the "Liquidating Trustee):*
>
> *(1) Debtor's movable assets, including Debtor's inventory, and;*
>
> *(2) N&H, SE's realty with a two story commercial building at Hato Abajo, Arecibo, Puerto Rico, property number 12,392, recorded at pages 88 and 89 of book 73 of the Registry of the Property of Arecibo with a fair market value of $600,000.00 and a parcel of land located at State Road #3, KM 10, Hoyo Mulas Ward, Carolina, Puerto Rico, consisting of 8,718.7321 square meters zoned II-1, light industrial, with an estimated value of $1,100,000.00, for a combined value of $1,700,000.00, as payment of N&H, SE's remaining debt to Debtor, with the deeds of transfer of the realty to be executed before Debtor's counsel as a notary public.*

7. The Proposed Amended Plan was circulated to all the creditors, including administrative claimants, thus notice of the terms and conditions of the approved plan was given to all creditors no objection was filed by any Administrative Claimant and the Plan was approved upon a showing that all requirements under 1129 had been met by the Debtor.

8. The approved Second Amended Plan of Reorganization defined the effective date as follows:

*"Effective date": shall mean the date which is 30 days after the sale by the Trustee of Debtor's movable assets, including debtor's inventory; furnishing and machinery and N & H SE realties to be transferred to the Trust, or if such date is not a business Day, the next succeeding Business Day; provide, however, that if as of such date, all conditions precedent to the occurrence of the effective Date set forth in Article IX of the Plan have not been satisfied or waived pursuant to section 9.2of the plan, then the first Business Day immediately following the day upon which all such conditions have been satisfied or waived.*

9. The Order confirming the Second Amended Plan was entered on September 21, 2010; on January 12, 2011 an order granting Mr. Charles Cuprill request for withdrawal as debtor's legal counsel was entered. (Docket # 568) On April 2011 Debtor's new counsel was appointed. (Docket #576) On December 15, 2011 the appointment of special counsel for the Plan Administrator was entered by this Honorable Court (Docket # 635)

10. Although the Plan contemplated the creation of a Trust to which the properties where to be transferred, the same has not been yet executed. Therefore, the Plan administrator has not received the properties which N& H SE agreed to transfer, no sale has yet been completed and thus the Estate or the Liquidation Trust has no proceeds to distribute. Furthermore as defined in the Disclosure Statement and Second Plan of Reorganization, the Effective Date has not yet occurred.

11. The effect of confirmation makes the provisions of the confirmed plan binding on all parties in interest, whether or no their claims were impaired and whether or not they accepted the plan. 11 U.S.C. §1141(a). Confirmation of a plan of reorganization has the equivalent effect of judgment by court, binding both debtor and its creditors. 11 U.S.C. §1141. In re 401 E 89th St. Owbers, Inc. 223 B.R. 75 (Bankr. S.D.N.Y. 1998). Thus, the deadlines established in a plan have to be complied with.

12. A confirmed plan is binding on all creditors including administrative claimants. The Plan calls for payment to administrative claimants from the

proceeds of the sale of the properties transferred or to be transferred, thus up and until such transfer and sale is effectuated the Trust and/or the Plan Trustee or Administrator lacks funds from which payment may be tender.

13. As of the date of this motion and pursuant to the terms and conditions of the Plan the Effective Date has not yet occurred, thus the Plan is not yet executable on account of not yet been properly funded.

14. Counsel for the Administrator as well as Debtor's counsel has circulated several drafts of the Deed of Trust as well as the deed by which the properties described in the Plan will be transferred to the Trust. It is anticipated that such deed will be signed by the parties within the next few days.

15. Conversion to a Chapter 7, is not in the best interest of the Estate nor its creditor, only once the properties are transferred and sold will there be funds to comply with the payment of administrative claims as proposed in the Plan confirmed by the Court.

**WHEREFORE,** Movant very respectfully prays that the present reply to the order to show cause be entertained by this Honorable Court and notice be taken as to the status of the case, and for any other and further relief as it may seem just and proper.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico this 9th day of April 2012

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Bankruptcy Court using CM/ECF system which will send notification to the following, counsel for Debtor , and any other party in interest that has requested notice .

S/ Isabel M. Fullana

USDC #126802

García- Arregui & Fullana PSC

252 Ponce de León Ave.

Citibank Towers

Suite 1101

Hato Rey, PR 00918

Tel 787-766-2530

Fax 787-756-7800

E-mail

isabelfullana@gmail.com